CHILDS & CHILDS, Respondents, *vs.* THE STEAMBOAT BRU-NETTE, Appellant.

1. A ship carpenter, who contracts to repair a boat and furnish materials, is not an *agent*, within the meaning of the act concerning boats and vessels, and cannot create a lien upon the boat in favor of a party from whom he purchases materials.

*Appeal from St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Hudson & Thomas*, for appellant. The lumber furnished by the respondents was not furnished to any one of the per-

sons authorized by the statute to bind the boat. The statute is in derogation of the common law, and must be strictly construed.

*T. Polk*, for respondents. The question is, whether the ship carpenter was an agent of the boat, within the meaning of the act concerning boats and vessels. It is evident that the term "agent" is used to indicate some person different from the "master, owner, or consignee," as otherwise it is surplusage. Now, in the case of repairing a boat by a ship carpenter, under contract for the whole job, unless the contractor is an agent, within the meaning of the statute, no liability can be created against the boat, as a defendant, by any agent, nor indeed, by anybody but the owner or master, as there could be no consignee in such case. An owner who authorizes a ship builder to repair his boat, it would seem, authorizes him to incur all the liabilities that the statute imposes on a boat for materials furnished for repairs. In this case, the carpenter had possession of the boat under the contract for repairs, and the boat is liable for materials furnished, upon the principle decided in the case of *Steamboat Lehigh* v. *Knox*, 12 Mo. Rep. 508. See also the principle decided in the following cases : *Rowe & Vandeventer* v. *Saltmarsh*, 10 Mo. Rep. 38. 7 J. R. 311. 16 ib. 89. 1 Cowen, 290. 1 Dallas, 129. 7 T. R. 306.

RYLAND, Judge, delivered the opinion of the court.

The only question necessary to be determined in this case, involves the meaning of the term "agent," as used in our act concerning boats and vessels.

The statute makes every boat or vessel used in navigating the waters of this state liable and subject to a lien in the following cases. I omit the first class. Second. "For all debts contracted by the master, owner, agent or consignee of such boat or vessel, on account of stores or supplies furnished for the use thereof, or on account of labor done or materials fur-

nished by mechanics, tradesmen or others, in building, repairing, getting out, furnishing or equipping thereof." In this case, the owner of the boat made a contract with a ship carpenter to make certain repairs to his boat, for a certain stipulated sum of money; the ship carpenter contracting to furnish the materials as well as to do the labor. The ship carpenter purchased of the plaintiffs materials for the repairs, and performed the work and received the payment therefor. The plaintiffs demand the price of the lumber used by the ship carpenter, and which he had purchased from .them, and used upon the boat in making the repairs, and file their claim as a lien against the boat.

The owner denies ever having purchased any materials for the boat from the plaintiffs; denies that plaintiffs furnished the materials mentioned in their complaint, at the instance or request of the master, owner, agent or consignee of said boat, or at the instance or request of any person authorized to act for and on behalf of said boat, and denies, positively, that McDonald, the ship carpenter, had any authority to purchase said lumber, as charged in the complaint, and denies that McDonald ever had ·any right or authority whatever to bind said boat. The evidence showed that McDonald, the ship carpenter, got the lumber, to repair the boat, from the plaintiffs.

The following instructions were asked by the defendant:

2. If the jury believe from the evidence, that McDonald agreed to do the work and furnish the materials for the repairs of the defendant, and that the lumber furnished by the plaintiffs to McDonald was used by him in doing the work and making the repairs which he had agreed with Willard to do and furnish, then the plaintiffs are not entitled to recover in this suit.

3. If the jury believe from the evidence, that McDonald agreed with Willard to repair the defendant, and furnish all the materials necessary for such repairs at his own expense, then the defendant is not liable in this case for any lumber furnished by the plaintiffs to make said repairs, unless furnished by the authority of Willard, the owner.

4. The defendant is not liable to the plaintiffs for the lumber sued for, unless the debt was contracted by either the master, owner, agent or consignee.

5. If the jury believe from the evidence, that McDonald was to do the work and furnish materials, as specified in contract marked "B," and offered in evidence, and that the lumber mentioned in the plaintiffs' account was furnished for said repairs by plaintiffs, without any authority given by the master, owner, agent or consignee of said boat, the jury ought to find for the defendant.

6. But if the lumber was furnished by the plaintiffs to McDonald, for repairing the boat, and was by him actually used in making such repairs, under contract with the owner, and with the knowledge or consent of the owner, the plaintiffs are entitled to recover the value thereof.

The court refused to give the second, third and fifth of the instructions asked, and the defendant excepted, and also excepted to the giving of the sixth instruction. The jury found for the plaintiffs. A motion to set aside the verdict and for a new trial, was made and overruled, exceptions taken, and the case brought here by appeal.

1. Can a ship carpenter, who has contracted to repair a boat, to furnish materials, and to do the labor for a certain and specific price, be considered an agent of such boat, under our boat and vessel act, so as to bind the boat by lien in favor of a lumber merchant, from whom such carpenter purchases the lumber? In the opinion of this court, such ship carpenter is not and cannot properly be considered such agent.

The term "agent," in the act of the legislature, giving the lien, is always used in company with terms of a certain and known nautical and maratime meaning. "Master, owner, agent or consignee;" "the owner, captain, agent, consignee;" "the captain, owner, agent or consignee." Whenever the word agent is used, we find the words captain or master, owner and consignee in the same sentence, thus limiting the meaning of the term agent, to a particular and circumscribed business

connected with the boat, and with maratime duties. It does not comprehend the broad and general signification of the term, as applied to a person who performs a duty or an act for another. The term agent, is understood by its associate terms, captain, owner, master, consignee ; it is known by its associates — *noscitur a sociis.*

In the construction, therefore, of this statute, we look to the meaning of the term agent, and assimilate the duties of such a person to the duties of the person known as ship's husband. He is to procure freights or charter parties, make contracts about passage fare, disburse and receive moneys for the boat. His acts for these purposes are considered to be the acts of all the partowners, who are liable on all contracts entered into by him for the conduct of their common concern, the employment of the ship. The tradesman, therefore, who agrees to furnish the ship with a certain quantity of coal, for a certain sum, cannot be considered the agent of the ship, or the ship's husband, so as to create a lien on the vessel in favor of the collier from whom he should happen to purchase the coal ; nor can we consider the carpenter, who agrees to repair for a certain sum, the agent of the boat ; nor the painter, who agrees to paint the boat, the agent of the boat, under this boat and vessel act. The term agent of the boat, is well known, and is as confined and limited in its meaning as, captain of the boat, owner of the boat, consignee of the boat. To extend the word agent, in order to embrace the ship carpenter, who is repairing for a specific sum, that he may create a lien on the boat, in favor of the lumber merchant, or extend the term agent, in order to embrace the painter, who agrees to repaint the boat for a specific price, and furnish the materials, in order that he may create a lien on the boat in favor of the druggist, who sells him his oil and paints, would be a perversion of all rules of construction, and would create as many agents for the boat, as there are different jobs of work to be done upon the boat, and all at the same time. This never was the intention of the law makers. This is not the proper construction of the

act. We therefore consider that the court erred in refusing to give the instructions Nos. 2, 3 and 5, asked by defendant, and erred in giving the 6th instruction for the plaintiffs. The judgment is reversed, the other judges concurring.