## 10721. ABBOTT *v.* THE STATE.

1. When, in answer to the question, "Are you conscientiously opposed to capital punishment?" a juror upon his voir dire, in a case in which the offense charged may be punished with death, answers, "Not as a principle, but in a case of this character, where a woman is the defendant, I am opposed to capital punishment," it is proper for the court to hold that he is incompetent.
2. Under the evidence in this case the court properly submitted to the jury the law of voluntary manslaughter.
3. Where in a criminal case a letter of such a character as to prejudice the minds of the jurors against the defendant has been excluded from the evidence, and by inadvertence is handed by the solicitor-general to the jury with the documentary evidence in the case, and remains with the jury until their verdict is returned, the presumption is that the jurors read it before arriving at their verdict, and that the defendant's cause was prejudiced thereby. If all of the jurors testify that they did not read the letter before arriving at their verdict, the presumption is rebutted and a new trial is not required. Where, however, it is not so testified by all of the jurors, the presumption remains and a new trial becomes necessary. This is true even though all the members of the jury testify that the letter did not influence their verdict.

DECIDED NOVEMBER 5, 1919.

Indictment for murder—conviction of manslaughter; from Fulton superior court—Judge Humphries. May 17, 1919.

*E. W. Martin, R. R. Arnold* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

LUKE, J. In this case a letter which was unaddressed and was signed "B. B.," and which was prejudicial to the defendant, had been offered in evidence by the State, and its admission, upon proper objection, had been refused by the court, upon the ground

that it "could serve no other purpose than an attack on her character," etc., but by accident and inadvertence it was handed to the jury by the solicitor-general with other documentary evidence introduced by the State. Some members of the jury read the letter, and one of them understood that it was written to the defendant; others did not; some did not read it; all say they were not influenced by it. No man can tell with certainty what influences his mind,—what evidence or parts of evidence had least or most to do in leading him to a conclusion. While one may be a competent witness when sworn and examined in open court in a case in which he is serving as juror, no juror can, while the jury are deliberating upon a case properly submitted, introduce evidence in the jury room by reading or submitting to other members of the jury documentary evidence, or anything reflecting upon the character of the defendant, which has been denied admission by the court. When such a state of facts exists a new trial must be had. For this reason, in this case it was error to overrule the defendant's motion for a new trial. To hold otherwise where, as in this case a prejudicial letter, which seriously reflected upon the good character of the defendant, found its way into the hands of the jury would be to permit the jury to base their finding upon evidence not adduced in their hearing in court, and upon a view not authorized by the court. Anything which has the effect of destroying the impartiality, decorum, and decency of jury trial lessens and in time will destroy the best safeguard of the liberty and property rights of the people of the State. No defendant charged with crime has had a fair and impartial trial, even though he be guilty, unless the trial was in keeping with orderly legal procedure. .See _Woolfolk_ v. _State_, 81 _Ga._ 559 (8 S. E. 724) ; _Smith_ v. _State_, 122 _Ga._ 154 (50 S. E. 62) ; _Shedden_ v. _Stiles_, 121 _Ga._ 637 (49 S. E. 719) ; _Killen_ v. _Sistrunk_, 7 _Ga._ 283; _Walker_ v. _Hunter_, 17 _Ga._ 364; _Griffin_ v. _State_, 5 _Ga. App._ 43 (62 S. E. 685).

The assignments of error not ruled upon above have been considered, and are without merit, or the alleged errors are not likely to recur on the next trial of the case.

_Judgment reversed. Broyles, C. J., and Bloodworth, J., concur._