## 17213. PLANTERS WAREHOUSE COMPANY *v.* McMEKIN.

If, in the trial of a case before a jury, a paper, embodying propositions of law submitted to the court as requested charges, improperly falls into the hands of the jury and remains with them during their deliberations, the presumption, in the absence of anything to the contrary, is

Factors, 25 C. J. p. 342, n. 25.
New Trial, 29 Cyc. p. 808, n. 62; p. 1008, n. 46 New.

220

that the jury read the paper, and if its contents are calculated to influence the jury in favor of one of the parties, and the jury finds for that party, a new trial should be granted, even though the court may have given in charge the propositions of law as requested.

(*a*) Under the ruling stated, one of the grounds in the motion for a new trial in this case was good, and the court erred in overruling the motion.

DECIDED DECEMBER 20, 1926.

Trover; from Wilkes superior court—Judge Perryman. February 19, 1926.

*C. E. Sutton, Colley & Colley, William Wynne,* for plaintiff in error.

*B. W. Fortson,* contra.

BELL, J. McMekin brought a suit in trover against Planters Warehouse Company, for the recovery of sixteen bales of cotton. The trial having resulted in a verdict in favor of the plaintiff, the defendant made a motion for a new trial, which the court overruled, and the movant excepted.

The plaintiff had stored the cotton in the defendant's warehouse and had obtained from the defendant a loan of money thereon, and the plaintiff contended that the defendant's subsequent sale of the cotton was made under circumstances rendering it a conversion. One of the principal issues of fact upon the trial was whether the defendant was a mere warehouseman and pledgee, having power to sell the cotton only in accordance with the provisions of the Civil Code (1910), § 3530, or was a factor in the transaction, having authority to sell the cotton in the exercise of discretion, according to the general usages of the trade. Civil Code (1910), § 3502. The plaintiff filed written requests to charge, embodying certain propositions of law having reference to that question. The court gave the charges, as requested, and in some way the paper containing them, without the fault of either party or of any of the counsel, got with the pleadings and documentary evidence, and was taken by the jury to their room, and remained in their custody with the other papers until the rendition of the verdict. Counsel then discovered for the first time that this document had been in the hands of the jury. A ground of the motion for a new trial is predicated upon the circumstances stated above with reference to the requests to charge. The following is a copy of the paper in question:

"Plaintiff requests the court to charge: 'I charge you, gentlemen, that a factor is defined to be a commercial agent, employed by a principal to sell merchandise consigned to him for that purpose, for and in behalf of the principal, but usually in his own name, being entrusted with the possession and control of the goods, and being remunerated by a commission commonly called factorage.'"

"Plaintiff requests the court to charge: 'And in this connection I also charge you that the word "commission," as used in the foregoing definition of a factor, may be defined to be the compensation or reward paid to a factor, broker, agent, bailee, etc., when the same is calculated as percentage on the amount of his transactions or the amount received or expended by him.'"

"Plaintiff requests the court to charge: 'I charge you, gentlemen, that a warehouseman, in the general acceptation of the term, is one who receives and stores goods of others as a business and for a compensation or profit.'"

"Plaintiff requests the court to charge: 'I charge you, gentlemen, that the primary distinction between a mere warehouseman and a factor and commission merchant is to be found in the purpose of the bailment or agency or contract of storage. If the purpose is primarily one of storage, the agent is a warehouseman; if it be one of sale, he is a factor. A warehouseman can be constituted the agent to sell without being also a factor. A factor can store and keep the goods of his principal without being a mere warehouseman. If the goods are entrusted to the agent primarily for safekeeping and holding, the agent is a warehouseman, but if they are entrusted to him primarily for him to sell them for the principal for a commission, then the agent is a factor. The agent can be both a warehouseman and a factor, but the mere fact that an agent makes advances or lends money on the goods entrusted to him does not make him also a factor. To make him a factor he must also be entrusted with the possession, control, and disposal of his principal's goods for a commission. A mere warehouseman can make advances or loans on the goods stored with him without being a factor. A factor is a mere agent, and the contract between him and his principal is one of employment to sell goods on commission for his principal, while a warehouse-

man is one who receives and stores goods of others as a business, and for a compensation or profit.'"

The plaintiff in error makes no contention that any of the propositions stated in the requests were unsound or inapplicable, and we are not deciding any question of that character. In the absence of anything to the contrary, the presumption is that the jury read the contents of the document. *Abbott* v. *State,* 24 *Ga. App.* 367 (3) (100 S. E. 759). The question for determination, therefore, is whether they were likely influenced thereby favorably to the plaintiff, the prevailing party. We should think that ordinarily it would not be cause for a new trial for a request to charge to come into the hands of the jury and be read by them, where it stated the law correctly, and also with equal fullness and fairness with respect to the contentions of both parties. But we are unable to say, in view of the entire record in this case, that the requests quoted above were not calculated to influence the jury in favor of the plaintiff. On the contrary, we think it probable that the defendant was prejudiced. Our reason for this conclusion is based mainly upon the following facts and circumstances : The evidence showed without dispute that the defendant, as to all cotton stored in its warehouse, charged a flat or fixed rate of $1 a bale per month for the first month and 50 cents per month thereafter, to include all charges for storing, insuring, and selling. It is noticed that one of the propositions contained in the requests undertook to define a factor, and, in doing so, referred to a factor's remuneration as being by a commission commonly called factorage, and then defined the word commission, "as used in the foregoing definition of a factor," as the compensation or reward paid to a factor "when the same is calculated as a percentage on the amount of the transactions, or the amount received and expended by him." The definition of a factor as thus stated appears to have been correct as far as it went, but was too limited under the facts of the present case. A factor's remuneration need not be by way of commission. It may be a salary or other fixed compensation. 12 Am. & Eng. Enc. of Law, 628; 25 C. J. 342. It is true, the court instructed the jury, independently of the plaintiff's requests, that the mere fact that the defendant charged a flat rate, to include storing, insuring, and selling, would not prevent the defendant from being a factor; and this additional

charge rendered the definition of a factor sufficiently comprehensive to cover the facts of the present case. But when the jury, during their deliberations, read the propositions of law stated in the requests to charge, all of which the court had given as requested, they probably determined whether the defendant was a factor solely by the propositions set forth in the requests, overlooking the other instructions which the court had given on the subject of a factor's compensation and which the jury carried out with them only in such memory as they were able to exercise on the subject. Looking to the requests alone, they probably inferred that the defendant was not a factor, because its compensation was not determined in the manner set forth in the requests. One of the defendant's principal contentions was that it was a factor, and, with this question resolved against the defendant, a verdict in favor of the plaintiff in some amount was demanded. We can not hold that the presence of the requests to charge in the juryroom and in the hands of the jury during their deliberations was a mere irregularity. Our opinion is that it vitiated the verdict. *Gholston* v. *Gholston,* 31 *Ga.* 625 (11); *Shedden* v. *Stiles,* 121 *Ga.* 637 (4) (49 S. E. 719); *Chattahoochee Brick Co.* v. *Sullivan,* 86 *Ga.* 50 (6) (12 S. E. 216); *Ga. R. Co.* v. *Dooley,* 86 *Ga.* 294 (3) (12 S. E. 923, 12 L. R. A. 342).

We disagree with the contention of counsel for the defendant in error that the evidence demanded a finding to the effect that the defendant was a mere warehouseman and pledgee. There is no merit in any of the other grounds of the motion for a new trial. *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*