69 P.(2d) 936

COMER v. STATE TAX COMMISSION OF NEW MEXICO.

No. 4212.

Supreme Court of New Mexico.

June 7, 1937.

Bryan G. Johnson and Gino J. Matteucci, both of Albuquerque, for appellant.

Frank H. Patton, Atty. Gen., and J. R. Modrall and Quincy D. Adams, Asst. Attys. Gen., for appellees.

ZINN, Justice.

The plaintiff, appellant here, instituted the suit out of which this appeal arises in the district court of Santa Fé county to recover from defendants, appellees here, under the provisions of Laws 1934, Sp. Sess. c. 7, § 314, and Laws 1935, c. 73, § 313, certain taxes paid under protest which had become due under the terms of said acts. The amount of the tax paid under the 1934 act is $29.75 covering sales for the month of June, 1935, and the amount paid under the 1935 act is the sum of $25.54, covering sales for the month of July, 1935. Each payment is set up and recovery sought in a separate cause of action in plaintiff's first amended complaint. The identical questions are presented for decision under each act.

The defendants demurred separately to each cause of action on the ground that it appears from the face of said complaint that plaintiff is subject to the tax sought to be avoided. The trial court sustained the demurrer, and plaintiff electing to stand on his complaint the same was dismissed, from which judgment of dismissal this appeal is prosecuted.

The essential facts as disclosed by the complaint and which stand admitted by the demurrer are as follows: The plaintiff is the wholesale agent at Albuquerque, N. M., for the sale and distribution of petroleum, gasoline, and other products of Phillips Petroleum Company. His compensation is a commission on all products handled by him as such agent. The material allegations of the complaint touching the nature of plaintiff's occupation are the same in both causes of action. As taken from the first cause of action they are:

"That on the 28th day of July, 1933 plaintiff was employed as agent of the Phillips Petroleum Company. in Albuquerque, New Mexico, and has continued in such employment as agent of said Phillips Petroleum Company since the 28th day of July, 1933 down to and including the time of the filing of this complaint; that plaintiff is so employed as agent of Phillips Petroleum Company on a commission basis for his services as such agent.

"That plaintiff as such agent is charged with the duties of the sale and distribution of petroleum and other products at wholesale of said Phillips Petroleum Company and is paid a commission on all such products handled by plaintiff as such agent. * * *

"That this plaintiff is employed by Phillips Petroleum Company under a written contract; that said written contract imposes upon plaintiff the duty of devoting all his time and efforts in promoting the sale at wholesale of Phillips Petroleum Company products; that in the discharge of his duties this plaintiff is subject to the instructions of the Phillips Petroleum Company in the matter of all sales of company's products; that this plaintiff is paid for his services on a commission basis and receives a percentage on the wholesale price of all products of the company sold through plaintiff's efforts; *that plaintiff does not in any manner hold himself out to the public as one who· is ready or willing to sell the products or commodities of any member of the general public who desires the use of plaintiff's services as a sell-* *ing agent, but on the contrary this plaintiff acts solely in the name of and in behalf of Phillips Petroleum Company* and is legally obliged at all times to work for the interests of Phillips Petroleum Company exclusively in the same manner and to the same extent as salaried employees of other oil companies are required to do." (Italics ours.)

The tax is imposed by section 201 of article 2, Laws 1934 (Sp.Sess.) c. 7, and by the same section and article of Laws 1935, c. 73, in the following language, to wit:

"There is hereby levied, and shall be collected by the Tax Commission, privilege taxes, measured by the amount or volume of business done, against the persons, on account of their·business activities, engaging, or continuing, within the State of New Mexico, in any business as herein defined, and in the amounts determined by the application of rates against gross receipts, as follows: * * *

"K.—At an amount equal to two per cent of the gross receipts of the business of every person engaging or continuing in the business of acting as factor, agent or broker selling on a commission basis, and where title to the goods, wares or merchandise sold does not vest in such person at any·time during the transaction."

The term "engaging" is given a statutory meaning in article 1 of each act (section 3, par. (g) of 1934, Sp.Sess., and section 103, par. (g) of 1935, as follows:

"The term 'engaging' as ["when" in 1935 act] used in this Act with reference to engaging or continuing in a business or a profession shall also include the exercise of corporate or franchise power, but the term 'engaging' shall not be construed in this Act to include occasional and isolated sales, or *transactions by a person who does not hold himself out as engaged in business.*" (Italics ours.)

The terms "business" and "engaging" are each defined by the act, but still not made definite enough (in view of paragraph K) to make them perfectly clear. But when we consider article 2 as a whole in connection with the definitions mentioned, it becomes at once apparent that the term "engaging in business" has reference to the person who owns the business, not mere employees. Paragraph A has reference to those persons engaged in mining business, etc.; paragraph B has reference to the various kinds of manufacturing business; paragraph C of wholesale merchandise; paragraph D. of retail merchandise; and paragraph E of several different kinds of businesses; and so on to paragraph K. In every instance the tax is levied against *the business of an owner or operator,* and not against the employee acting as manager or agent for the principal who is "engaged in business."

The fact that the general provisions of the act are directed at those engaged in businesses on their own account bears heavily in favor of a construction of paragraph K as being the same character of business, that is, against those engaged in business and not their employees. This would limit the tax in paragraph K to those in the "agency" business and not a person who is employed to operate a business for another. This is indicated further from the fact that this business, and others operated like it, would be subject to a double tax; although one of them would be comparatively small.

It is true, the language literally would indicate an intention to tax the plaintiff, but taking the whole act together, and particularly article 2, we find no intention to tax employees at all and that persons working for ordinary salaries and wages include persons who are working on commission.

It might be stated in passing that chapter 73 of Laws 1935 is not an amendment of the 1934 act, notwithstanding it is the basis of that act. It is a new act entirely, and the fact that certain parts of sections were left out cannot be given as much weight in construing the meaning of the subsequent act as might have been in the case of amendment.

■ It may be argued that paragraph K of said section 201, as hereinabove quoted, shows that plaintiff's activities as delineated in his complaint come within the literal language thereof unless removed by the statutory definition of the term "engaging" as used in paragraph (g) of section 3, article 1. We believe, however, that he is not "engaged" in the "business" of being an agent, and therefore he is not embraced in the statutory definition heretofore referred to.

The plaintiff confines his agency to the sale of products of Phillips Petroleum Company and does not tender his services as factor, broker, or agent to the public generally as one engaged in the business of being an agent to those who may desire his service as agent. It is specifically admitted by the demurrer that "* * * plaintiff does not in any manner hold himself out to the public as one who is ready or willing to sell the products or commodities of any member of the general public who desires the use of plaintiff's services as a selling agent, but on the contrary this plaintiff acts solely in the name of and in behalf of Phillips Petroleum Company."

Plaintiff admits he is an agent. A clerk in a store who is paid for his services on a commission basis is the same type of agent. A manager of a store or an integrated business belonging to some one else, whose compensation is based on a commission determined either by the profit or the gross sales, is likewise an agent of the owner of the business in the same sense that Comer is agent for Phillips Petroleum Company. Each of those enumerated by way of analogy is engaged as agent for his principal on a commission basis, yet neither holds himself out as engaged in the business of being agent.

We do not believe that it was the intention of the Legislature to tax employees whose compensation is computed on a percentage of the business done. This is clear from a reading of Laws 1934 (Sp. Sess.) c. 7, article 2, § 212 (d); Laws 1935, c. 73, article 2, § 212 (d), wherein we find an exemption from the taxes imposed by the act upon "income received in the form of ordinary wages or salaries." Ordinary wages or salaries need not necessarily be in a fixed, predetermined, or round sum. Ordinary wages or salaries may likewise be based on the amount of labor expended, goods sold, or income received. There is little difference in status between the local agent of an oil company who receives a flat or fixed salary of $5,000 a year, and the agent whose compensation is determined by a percentage of the gross sales. The income of each may amount to the sum of $5,000 per annum. Each has identical duties to perform. Each is agent for his employer. Each conducts the business in the name of his employer. Their compensation is determined in a different manner. Wages or salaries are compensation for services. In the instant case the demurrer admits that the compensation of the plaintiff is a commission on his sales. However, neither agent is *engaged* in the business of acting as agent in the broad sense.

If we adopt the narrower view, then every sales girl or manager whose compensation is determined on a commission basis is subject to the tax imposed simply because their compensation is determined upon a percentage of the business done or goods sold instead of a flat salary or wage.

We look to the statute to find out the kind of agent contemplated. If we accept the literal view, we thereby must include every form of agent whose compensation is on a commission basis rather than a fix-

ed salary as those subject to the tax. We believe the Legislature intended taxing only those who are *engaged in an agency business*, as, for example, real estate agents, fire insurance agents, brokers, factors, etc.

The term "agent" as found in the statute is to be construed in a stricter sense than that commonly given it. "The term is also often used in statutes or constitutional provisions in a more restricted sense than that commonly given it, and, where so used, its significance must generally be determined by a study of the context. The maxim, Noscitur a sociis, will be applied where the word is found in association with others which indicate an intent to give it a limited or particular meaning, but where there is nothing to indicate an intent to employ the term in a limited sense it will be taken in the common and usual sense." 2 C.J.S. p. 1026, Agency, § 1.

The Legislature by associating the word "agent" with "factor" or "broker" indicated the type of agency contemplated to be taxed. The word itself must be determined in the statute by the society it keeps, to wit, brokers and factors.

In finding the words "factor" or "broker" in the same sentence with the word "agent," it is clear that the Legislature intended to limit the meaning of the term "agent" to a particular and circumscribed business, to wit, a general agency business, that is, one not engaged as agent for a single firm or person but one who holds himself out to the public as being engaged in the business of being an agent. "It does not comprehend the broad and general signification of the term, as applied to a person who performs a duty or an act for another. The term agent is understood by its associate terms, captain, owner, master, consignee; it is known by its associates— noscitur a sociis." Childs v. The Brunette, 19 Mo. 518, 522.

The statute contemplates taxing the receipts of one engaged in the agency business as an independent contractor, not as an employee. The plaintiff is the local representative or manager of the Phillips Petroleum Company. The plaintiff acts solely in the name of and in behalf of Phillips Petroleum Company. The record is silent, but we assume that the Phillips Petroleum Company pays all taxes which are due the state under Laws 1935, c. 73, upon the sale of any of its products. As agent or manager of the Phillips Petroleum Company, the plaintiff's acts are considered to be the acts of the principal. Magnolia Petroleum Co. v. Pierce, 132 Okl. 167, 269 P. 1076, 61 A.L.R. 218. He is the servant or employee of his principal.

For the reasons given the cause will be remanded to the district court, with instructions to overrule the demurrer, and proceed in accordance with the views herein expressed.

It is so ordered.

BRICE, J., concurs.

HUDSPETH, C. J., did not participate.

BICKLEY, Justice (concurring).

To hold that the Legislature intended to impose a tax upon one employed as an agent to sell the products of his employer and under contract to devote all his time and efforts in promoting the sale of such products, and who is legally obliged at all times to work for the interests of his employer exclusively in the same manner and to the same extent as salaried employees are required to do, and leave untaxed the salaried employee engaged in identical activities, would be to impute to the Legislature a failure to heed the constitutional provision which affords equal protection of the laws to our citizens, unless there is something in the method of compensation on a commission basis, as distinguished from a specific fixed periodical allowance as a salary, which would afford a reasonable basis of classification for the purposes of taxation. I am unable to comprehend how the nature of the employment is in any wise affected by the method of computing the compensation for the services rendered, whether it be called commission, emoluments, wages, hire, or salary.

Salary is computed by time; recompense on the commission basis is computed on the basis of results. But they are essentially the same. The difference in the method of payment may make it appropriate to use one word or the other, but essentially they are synonymous as being reward or recompense for services performed.

"The word 'commission' has no technical meaning, but is usually employed to mean the compensation to an agent, broker, or person who handles the affairs of others in payment for their services." Words and Phrases, Fourth Series, p. 452.

"Lexicographers and some authorities class 'salary' and 'wages' as synonymous." 4 Words and Phrases, Second Series, p. 1221.

"Commissions paid a traveling salesman for his services are 'wages,' within the meaning of Bankr.Act." 4 Words and Phrases, Second Series, p. 1220.

A contract employing a salesman which stipulates for a commission on sales has been held to be a contract for the payment of "wages." 4 Words and Phrases, Second Series, p. 1220.

In W. H. White & Son v. Ballard County Bank (Ky.) 117 S.W. 294, 296, it was held against an alleged principal, where the issue was agency of one who contracted the debt sued for, that an instruction to find for plaintiff if the alleged agent worked for defendants on a "commission or salary" is not misleading because of use of the word "salary," though no witness used it in his evidence, as the word "salary" was used as a synonym of "commission." The court said: "The word 'salary' seems to have been used synonymous with 'commission,' and to the average man they both convey the idea of compensation, and the jury no doubt thoroughly understood and were in no wise misled by the use of this word in the instruction."

I am not persuaded that the Legislature intended to tax the earnings of a laborer computed on a commission basis and leave untaxed the earnings of a laborer doing the same kind of work and who is recompensed in money computed on the time basis solely. I can see no reasonable basis upon which one could be taxed and another exempted, each doing the same kind of work. In my opinion, if such were the legislative intent it would offend the uniformity clause of the Constitution, and it is to be presumed that no such offense was intended. These considerations are merely reasons additional to those employed by Mr. Justice ZINN, with which I am satisfied. Therefore, I concur.

· SADLER, Justice (dissenting).

I disagree with the result reached by the majority. The prevailing opinion written by Mr. Justice ZINN concedes that the language of the two challenged acts, taken literally, indicates an intention to subject plaintiff to the tax imposed. I think it does so with such clearness and certainty as to render improper resort to construction for ascertaining whether the apparent is the real meaning of such language. DeGraftenreid v. Strong, 28 N.M. 91, 206 P. 694.

The tax assailed is levied as a privileges or occupational exaction, graduated in amount by volume of business. Laws 1934 (Sp.Sess.) c. 7, § 201; Laws 1935, c. 73, § 201. The rate of the levy is prescribed in section 201, par. K. of each act, "at an amount equal to two per cent of the gross receipts of the business of every person engaging or continuing in the business of acting as factor, agent or broker selling on a commission basis," etc.

The term "engaging" is given a statutory meaning in article 1 of each act (section 3, paragraph (g) of Laws 1934, Sp. Sess., and section 103, par (g), of 1935) as follows: "The term 'engaging' as (when in 1935 act) used in this Act with reference to engaging or continuing in a business or a profession shall also include the exercise of corporate or franchise power, but the term 'engaging' shall not be construed in this Act to include occasional and isolated sales, or transactions by a person who does not hold himself out as engaged in business."

It is to be observed from a reading of paragraph K of said section 201, as hereinabove quoted, that plaintiff's activities as delineated in his complaint fall within the literal language thereof unless removed by the statutory definition of the term "engaging" as used in paragraph (g) of section 3, article 1 and section 103, art. 1. This much may fairly be taken as conceded by the plaintiff. He contends, however, that the statutory definition of the word "engaging" removes him from the literal effect of the language employed in imposing the tax. He does not claim immunity by reason of "occasional and isolated sales," so that in last analysis he claims immunity solely as "a person who does not hold himself out as engaged in business." He thus seeks to place himself in the sta-

tus of a mere employee whose compensation is fixed by a commission on his gross sales, thinking thereby to escape the tax. It is a serious question whether the language, "or transactions by a person who does not hold himself out as engaged in business," is not merely explanatory of what is meant by the phrase, "occasional and isolated sales," immediately preceding its use. Both parties rely wholly upon the construction arising from a reading of the language itself. Neither cites a single authority to support the positions urged upon the court. I am not persuaded that the definition of the word "engaging" found in the act exempts the plaintiff from the terms thereof.

The plaintiff's position is in part summed up in the following quotation from his brief, to wit: "It seems that the Appellees (defendants) seize upon the word, 'commission' as an adequate basis for bringing Appellant within the scope of the Emergency School Tax Acts. Apparently they overlooked the fact that the tax is not on commissions, but is a tax imposed upon persons *engaged in the business* of acting as agent on a commission basis."

As I interpret the allegations of the complaint, ignoring conclusions of the pleader as not being admitted by the demurrer, that is exactly the characterization given plaintiff, viz., as a person "engaged in the business of *acting as agent on a commission basis*," etc. Section 201, par. K, clearly and specifically points the imposition toward persons doing the very thing which plaintiff alleges he is doing.

But it is said because plaintiff confines his agency to the sale of products of Phillips Petroleum Company and does not tender his services as factor, broker, or agent to members of the public generally who may wish his services in the sale of such products, that there is no holding out of himself as one engaged in the business and he is nothing more than an employee. It is a matter of common knowledge that many, if not most, contracts of agency involving the sale of goods limit the agent to handling the principal's line of goods. I think it is no test of whether a person is "engaging * * * in the business of acting as * * * agent * * * selling on commission," as the terms "business" and "engaging" are defined in these acts, that the subject-matter of his agency is the goods of a particular principal.

Certain statutory definitions other than those already referred to demonstrate that the apparent is the real meaning intended by the Legislature.

"The term 'taxpayer' means any person liable for any tax hereunder." Laws 1934 (Sp.Sess.) c. 7, art. 1, § 3 (c); Laws 1935, c. 73, § 101 (c).

The term "gross receipts" is defined in both acts, as follows: "The term 'gross receipts' means the total receipts of a taxpayer received as compensation for *personal* or professional services for the exercise of which a privilege tax is imposed by this act." (Italics mine.) Laws 1934 (Sp. Sess.) c. 7, art. 1, § 3 (d); Laws 1935, c. 73, art. 1, § 103 (d).

The term "business" as defined in each act reads: "The term 'business' when used in this Act shall include *all* activities or acts engaged in *(personal*, professional, and corporate) or caused to be engaged in *with the object of gain,* benefit or advantage either direct or indirect." (Italics mine.) Laws 1934 (Sp.Sess.) c. 7, art. 1, § 3 (f); Laws 1935, c. 73, art. 1, § 105 (f).

The Legislature, no doubt realizing that within the broad meaning of the language thus employed the ordinary wage earner or salaried employee was included, took pains to eliminate him from subjection to the tax by interposing an express exemption in his behalf, to. wit: "There are exempted from the taxes imposed by this act the following: * * * Income received in the *form of ordinary* wages or salaries." (Italics mine). Laws 1934 (Sp.Sess.) c. 7, art. 2, § 212 (d); Laws 1935, c. 73, art. 2, § 212 (d).

It is also important to note the change made in section 201 par. K, of the 1934 act in the enactment of the 1935 act. I already have quoted the portion thereof fixing the amount of the tax. For convenience I now quote all of paragraph K of section 201 as the same appears in the 1934 act, which is its exact language in the 1935 act except for the italicized portion which is omitted in the later act, to wit: "K— At an amount equal to two per cent of the gross receipts of the business of every person engaging or continuing in the business of acting as factor, agent or broker selling on a commission basis, and .where title to

the goods, wares or merchandise sold does not vest in such person at any time during the transaction. *The gross receipts of any person taxed by this subdivision shall in- clude only the total amount of his commis- sions; provided, that where merchandise is sold by a factor acting as a manufacturer's representative, or intermediary, working on a commission basis in lieu of salary, and who at no time has possession of the mer- chandise sold, the commission of such fac- tor shall be exempt from taxation hereun- der;* provided *further* that a merchandise broker who buys and sells merchandise for his own account, shall so far as all such transactions are concerned, be considered a wholesaler or retailer, as the case may be, and be subject to tax as such whole- saler or retailer."

In the 1934 act, as will be observed, an exemption was created in favor of a factor acting as manufacturer's representative, or intermediary, working on a *com- mission basis in lieu of salary,* "who at no time has possession of the merchandise sold." Even if plaintiff should be considered "a factor acting as a manufacturer's representative," that fact alone would not entitle him to the exemption. In addition he must be one "who at no time has posses- sion of the merchandise sold." It abun- dantly appears from the complaint that plaintiff does have possession of same, for he alleges that he is charged with the "sale and distribution" thereof.

Thus, a limited exemption in the 1934 act in favor of certain factors "working on a

commission basis in lieu of salary," within which appellant cannot bring himself by reason of its conditions, is entirely eliminated by omission from the 1935 act. That omission is significant. It is solely upon the theory that he is "working on a commission basis in lieu of salary," and thus claims status as an employee not engaged in business, that plaintiff rests his argument that he is not a "taxpayer" as defined in the respective acts. Laws 1934 (Sp. Sess.) c. 7, art. 1, § 3 (c); Laws 1935, c. 73, § 103 (c). In view of this change in the statute and of the language in section 212 (d) limiting the exemption there created to income received in the *"form of ordinary* wages or salaries," it would scarcely aid plaintiff if his claim of status as a person "working on a commission basis in lieu of salary" should be conceded. Cf. Winne v. Hammond, 37 Ill. 99; State v. Thompson, 120 Mo. 12, 25 S.W. 346; Couturie v. Roensch (Tex.Civ.App.) 134 S.W. 413; Planters' Warehouse Co. v. McMekin, 36 Ga.App. 219, 136 S.E. 104; Evans v. Bulley, 1 Newfoundl. 330; Marrinan Medical Supply, Inc., v. Ft. Dodge Serum Co. (C.C.A.8th Ct.) 47 F.(2d) 458. The plaintiff would seem to be a "factor" within these authorities.

The prevailing opinion seeks to minimize the obvious significance of the omission from the 1935 act of the language italicized in the last quotation supra of said subparagraph K by suggesting that the later act is not an amendment of the former but an entirely new act. The implication is that, if an amendment, the significance of the omission might be deemed controlling. A mere comparison of the two acts is all that is required to show that the 1935 act is a substantial re-enactment of the 1934 act, transferring its administration from State Tax Commission to Bureau of Revenue, when created, authorizing the issuance of tokens for reimbursing to "taxpayers" amount of the tax applicable to any sale, and effecting other minor changes. The 1935 act contains no express repeal of the 1934 act, merely repealing all acts or parts of acts in conflict with the later act.

That the 1935 act is not to be deemed "a new act entirely," as stated in the prevailing opinion, or at all, is plain. A contrary view is clearly based upon a misapprehension of the effect of the re-enactment. The later act is nothing more than a continuation of the earlier one with such changes either by omission or addition, by way of amendment, as the Legislature saw fit to adopt. Cf. State v. Thompson, 37 N.M. 229, 20 P.(2d) 1030.

"The re-enactment of a statute, or of a provision of a statute, is not a repeal of such statute or provision; it is to be construed as simply the continuance of the old rule. However, there may be a repeal of parts or provisions of the old statute or section which are omitted from the re-enactment." (Italics mine). 59 C. J. 926, § 528. See, also, 25 R.C.L. p. 934, § 106, under "Statutes."

There can be no doubt that plaintiff's occupation as described in his complaint is

literally within the definition of "business" as found in the two acts. The majority seem to concede as much. "The term 'business' when used in this act shall include *all* activities or acts engaged in (personal, professional or corporate) * * * with the object of gain, benefit or advantage either direct or indirect." Could language be broader? I do not think so. Certainly, this language puts plaintiff within the act.

But this is not all. In specifying the rate applicable to certain taxpayers, it is fixed "at an amount equal to two per cent. of the gross receipts of the business of every person engaging or continuing in the business of acting as factor, *agent* or broker selling on a commission basis, and where title to the goods * * * sold does not vest in such person at any time during the transaction." This is exactly what plaintiff describes himself as doing. The previous definition of "business" makes the doing of such things a "business" within the meaning of the act. Being placed thus within the very language of the act by two separate provisions thereof, in order to escape the tax, the plaintiff must point to language taking him out. This he fails to do.

In both what I have referred to as the prevailing opinion by Mr. Justice ZINN and the specially concurring opinion by Mr. Justice BICKLEY, the majority seem to rest mainly their conclusion that plaintiff is not liable upon the exemption from the tax of "income received in the form of ordinary wages or salaries," appearing as section 212 (d) of c. 7, art. 2, Laws 1934, Sp.Sess., and as the same section in c. 73, Laws 1935. Unquestionably, as heretofore stated, this exemption was intended to excuse from payment of the tax the army of salaried employees and wage earners. That it has such effect there can be no doubt. But unwarranted fear that it may not fully accomplish its purpose has brought the majority to a false conclusion.

They express fear that to give effect to the literal language of the act might subject the sales girl, the clerk in a store, or the wage earner, working on a commission basis, to payment of the tax. The exemption, it is true, is limited to income received in the "form of ordinary wages or salaries." The clerk or wage earner working on a commission basis obviously is not receiving income in the *form of ordinary* wages or salaries. The ordinary wage or salary is a fixed sum per day, per week, or per month. The fact that it is on a commission basis does not necessarily deny it status as a wage or salary. But, certainly, it is not the form in which wages and salaries ordinarily are paid.

The obvious answer to this suggestion is that not one in a thousand clerks, laborers, or wage earners works on a commission basis. It is common knowledge that they are paid fixed sums on a daily, weekly, or monthly basis. So that in exempting the income of those so paid, the Legislature lifted from operation of the act this large body of wage earners and salaried employees. Legislative bodies necessarily view things in the large. They legislate

to meet conditions thus seen. We must attribute familiarity by our Legislature with the form taken in the payment of ordinary wages or salaries. Even if the tax were applicable to a clerk or wage earner working on a commission basis, it would be no test of the law's validity that it thus works a hardship in extreme cases. State v. Mirabal, 33 N.M. 553, 273 P. 928. Neither does this consideration warrant departure from the literal meaning of language employed in a statute to avoid such a contingency.

In his specially concurring opinion, Mr. Justice BICKLEY suggests that to tax the agent working on a commission basis in lieu of salary and leave untaxed the agent performing the same services for a fixed salary would be to impute to the Legislature a failure to heed the constitutional guaranty of equal protection. Unequal protection of the law is not claimed in the respect indicated. And while this suggestion is employed only arguendo, it is not at all certain that a difference in the method of paying compensation, whether as a flat salary or wage, or on commission basis, does not afford reasonable basis of classification for purposes of taxation. Cases can be supposed where exactly the same duties would be performed under either method. They are exceptional. In the vast majority of cases, it is generally recognized that the agent on commission basis is more of a free lance, has greater freedom of action and wider discretion, more control over his time, with earnings limited only by his own energy and abilities. Ordinarily and to a much greater extent than the strictly salaried agent or employee, he is the architect of his own fortune. These considerations, though it is unnecessary to decide the point, would tend to warrant classification.

This argument is applied by Mr. Justice BICKLEY, of course, only as an aid in arriving at true legislative intent. And so, he apparently concludes with the majority, that the act as written applies only to such agents as, "for example, real estate agents, fire insurance agents, brokers, factors, etc.," who offer their services to the public at large, and do not confine their activities to the service of a single principal.

This holding is in part, at least, to escape the feared consequence of unequal protection. But where does it bring us? May not agents of the type to which the majority agree the act does apply, with as much reason invoke the equal protection clause upon the ground that they are taxed for the privilege of doing identically the same thing for different principals as others who are excused upon the mere ground that they perform it many times for the same principal only? Cf. Stewart Dry Goods Co. v. Lewis, 294 U.S. 550, 55 S.Ct. 525, 79 L.Ed. 1054. Is it not better, therefore, since unequal protection in this respect is not asserted, to declare the statute means exactly what it says, and await the time, if ever it comes, when its invalidity is challenged in such behalf, to consider the constitutional question? It seems so to me, particularly, in view of the fact that the construction to which this argument brings

the majority exposes it to the same attack and with equal, if not greater force, from the class of agents left subject to the tax.

Wholly aside from the considerations just discussed, although the majority find themselves unable to do so, I see a vast difference in the status of a *sales girl* or *wage earner,* working on a commission basis, instances of which are so rare as to be negligible, and that of the *wholesale agent* of an oil company with duties as outlined in the complaint before us. The latter is truly engaged in business within the meaning of the act and subject to the tax.

Complaint is made by plaintiff that his status is entirely different from that of others paying the tax; that the price of his products is fixed by his principal and cannot be changed by him; that he neither can shift the tax to his principal, nor pass it on to the consumer, because bound by terms of a written contract. (This contract was not pleaded' for scrutiny of the court.) These considerations strongly challenge the justice of the tax in its application to plaintiff and other agents so circumstanced. But the appeal should be directed to the Legislature. It is not the function of the courts to pass upon the wisdom or policy of legislation, so long as it is within constitutional bounds.

The action of the district court in sustaining the demurrer to plaintiff's complaint was proper and should be sustained. Because of a contrary conclusion by the majority and for the reasons given, I dissent.