## 50055. MORRIS v. GEORGIA POWER COMPANY.

WEBB, Judge.

G. L. Morris, unhappy with the amount of the jury verdict awarded him in this condemnation case, now appeals to this court urging reversible error as to evidentiary matters. *Held:*

1. Error is enumerated upon "The trial court's allowance into evidence (over condemnee's objections) the aerial photograph taped to the back of condemnor's exhibit Number 14 after said photograph had been withdrawn by the tendering party." Upon direct examination of one of the condemnor's witnesses, the following occurred: "(At this time [condemnor's] exhibit no. 14 was marked.) Q. On this map of Newton County, exhibit no. 14, it is out on the west end of the county and on the south side of Kirkland Road? A. Yes, sir. Q. All right, sir, now I'm going to turn this over on the other side and ask you what is that picture? A. This is an aerial photograph that indicates the location of Mr. Morris' property. Mr. Campbell: I object to any reference to an aerial photograph because it is absolutely inadmissible. Mr. Ballard: It could be if you wanted it, but if you don't want it then I will withdraw it. The Court: It is withdrawn."

At the conclusion of the condemnor's case, the condemnor tendered its exhibits, some of which were objected to and some of which were not. Exhibit 14, with the aerial photograph physically attached, was tendered and admitted without objection, and the condemnor accordingly urges that there is nothing for this court to review. Condemnee, on the other hand, argues that since the photograph was withdrawn, it was condemnor's duty to detach it from Exhibit 14 and that condemnee was somehow relieved of the necessity of objecting when it was tendered into evidence.

We find no merit in condemnee's contention. Since the trial court made no ruling on the admissibility of the photograph when the objection was made, and condemnor at that time withdrew it, it was incumbent upon condemnee to object to it, as he did to other exhibits, when it was later formally tendered into evidence. Having

failed to do so, he cannot now complain. *Abbott v. State,* 24 Ga. App. 367 (100 SE 759), relied upon by condemnee, does not require a different result since in that case the prejudicial exhibit which went to the jury had been objected to and ruled out by the court.

2. Condemnee contends that it was error for the trial court to allow in evidence condemnor's Exhibits 11, 18, 19 and 20, which were photographs of nearby homes constructed in close proximity to towers and transmission lines similar to those crossing condemnee's property on the easement condemned. In *Georgia Power Co. v. Bray,* 232 Ga. 558, 561 (207 SE2d 442), the Supreme Court held that photographs depicting transmission line structures and wires located on Georgia Power's easements in other parts of the state were admissible to support the condemnee's claim that consequential damages would accrue to the remaining property by virtue of the presence of the structures and lines. Here Georgia Power utilized the other edge of the sword—since condemnee was claiming that the highest and best use of his land was for subdivided residential property, and that the value of the remainder of the land for subdivision purposes was harmed by the presence of the lines, Georgia Power introduced these photographs to show that new homes were being constructed adjacent to power lines and hence that the value of the remainder of the land for subdivision purposes was not adversely affected. We find no error, since the Supreme Court in the *Bray* case held such photographs admissible on the issue of consequential damages in such circumstances.

Moreover, condemnor's expert witnesses testified that the location of a transmission line at or near a property does not adversely affect its value, and condemnor's Exhibit 22A depicted a house under construction within 100 feet of a large transmission line structure and wires. No objection was made either to this testimony or to Exhibit 22A, and we fail to perceive how condemnee could have been harmed by these exhibits.

3. No reversible error appears with respect to enumeration of error 4, complaining of testimony of condemnor's witness Paulk concerning the availability of utilities, since condemnee himself elicited this testimony

on cross examination, he invoked no ruling of the court as to the testimony complained of, and the same testimony was elicited in numerous other instances on direct examination without objection by condemnee.

4. Error is enumerated upon the trial court's sustaining of an objection to testimony of the condemnee that he had discussed development of the property with a real estate agent. However, the objection was sustained outside the presence of the jury, the testimony was not stricken, the jury was not admonished to disregard the testimony, and the testimony thus remained in the record for jury consideration. We find no grounds for reversal under these circumstances.

5. Remaining enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JANUARY 6, 1975 — DECIDED FEBRUARY 7, 1975.

*Campbell & Bouchillon, R. P. Campbell,* for appellant.

*Ballard, Thigpen & Griffith, W. D. Ballard, George W. Griffith,* for appellee.