This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SECRETARY, TAXATION AND REVENUE DEPARTMENT,**

 Plaintiff-Appellee,

v.            **NO. 29,979**

**KENT CARTER, d/b/a CARTER KENT BUILDERS,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

Gary K. King, Attorney General
Lewis J. Terr, Special Assistant Attorney General
Taxation & Revenue Department
Santa Fe, NM

for Appellee

Kent Carter, Pro Se
Carlsbad, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Kent Carter (Defendant), enjoined from "engaging in business" because of a delinquent tax obligation, appeals the injunction. We determine that the injunction does not infringe what he alleges is a "right to earn a living," and hold that the injunction was otherwise properly granted. We affirm.

**I.  BACKGROUND**

Defendant was in the construction business from 1984 through 2005, when he apparently ceased the business. He had a delinquent tax bill, which the Taxation and Revenue Department (Department) had sought to collect. On August 18, 2008, the Department, claiming authority pursuant to NMSA 1978, Section 7-1-53(A) (2003), filed for an injunction to compel Defendant to cease "engaging in business" in the State of New Mexico until such time his tax delinquency was cured. Defendant filed no answer but, on October 8, 2008, he did file a motion to dismiss based upon various constitutional arguments. Following a hearing on the merits a little more than a year later, the district court denied the motions for summary judgment and judgment on the pleadings that Defendant had filed and granted the injunction.

Defendant appeals from the order granting the injunction, asserting that the statute allowing such an injunction is unconstitutional because it is vague and that it

deprives him of his constitutional right to make a living. He also asserts procedural defects in the seeking of the injunction, namely, that the Department did not employ the least severe means of collecting taxes and sought its injunction without alleging that it was suffering irreparable harm. We discuss additional facts as necessary below.

**II.    DISCUSSION**

Defendant's quarrel is with the method of tax collection employed by the Department. There are no other disputed facts in this case of which we have been made aware. Nowhere in his briefing does Defendant contest the district court's finding that he is a delinquent taxpayer. Although he disputes that he owes what the Department is seeking, his delinquent status, and not the amount of the delinquency, is what underlies the injunction provided for in Section 7-1-53. The amount of Defendant's tax obligation is not at issue in this matter. There is no judgment against him in this case for any sum.

Further, Defendant's briefing failed to direct us to authority that established what he alleges to be a general constitutional right to work or engage in business, and we do not consider it. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority).

A complaint seeking injunctive relief is directed to the sound discretion of the trial court. *Aragon v. Brown*, 2003-NMCA-126, ¶ 9, 134 N.M. 459, 78 P.3d 913; *Wilcox v. Timberon Protective Ass'n*, 111 N.M. 478, 485, 806 P.2d 1068, 1075 (Ct. App. 1990). Where the district court applies an incorrect standard, incorrect substantive law, or its discretionary decision misapprehends the law, it constitutes an abuse of discretion. *See N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (stating a decision premised on a misapprehension of the law may be characterized as an abuse of discretion). This deferential standard guides our review here. Insofar as Defendant challenges the statute,

> [w]hen construing statutes, our guiding principle is to determine and give effect to legislative intent. We follow classic canons of statutory construction, looking first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended. When construing statutes related to the same subject matter, the provisions of a statute must be read together with other statutes in pari materia under the presumption that the [L]egislature acted with full knowledge of relevant statutory and common law. Thus, two statutes covering the same subject matter should be harmonized and construed together when possible, in a way that facilitates their operation and the achievement of their goals.

*Attorney Gen. v. N.M. Pub. Regulation Comm'n*, 2011-NMSC-034, ¶ 10, 150 N.M. 174, 258 P.3d 453 (internal quotation marks and citations omitted). As to Defendant's assertion of vagueness, we have previously recognized that determining vagueness is governed by a lesser standard of definiteness when laws regulating business behavior

4

are involved. *Dick v. City of Portales*, 116 N.M. 472, 478, 863 P.2d 1093, 1099 (Ct. App. 1993). We use these deferential standards to review the district court's actions.

**A. Enjoining "Engaging in Business" Does Not Prevent Defendant from Working**

Defendant asserts that the injunction prevents him from working. This is not true. It prevents him from "engaging in business." The Department brought suit against Defendant not as an individual, but as a person doing business in the name of a business enterprise he owned, which had engaged in the construction business. As such, Defendant was required to pay gross receipts taxes as a sole proprietor. His tax obligation had become delinquent. Defendant does not dispute that between August 1984 and July 2006, he had "engaged in the business of construction." This is precisely the assertion made by the Department in its application for injunction from engaging in business. "Engaging in business" is defined by statute as "carrying on or causing to be carried on any activity with the purpose of direct or indirect benefit[.]" NMSA 1978, § 7-9-3.3 (2003). This activity is taxed "[f]or the privilege of engaging in business, an excise tax equal to five and one-eighth percent of gross receipts is imposed on any person engaging in business in New Mexico." NMSA 1978, § 7-9-4(A) (1990) (amended 2010). Persons who engage in business in New Mexico must be licensed or permitted to do so. NMSA 1978, § 3-38-4 (1993). Defendant asserts that language in the statute defining "engaging in business" as carrying on

5

"any activity with the purpose of direct or indirect benefit" is vague and would prevent him from holding a job. This problem has been recognized and is a matter of settled law.

The statutory language involved here is virtually identical to the statute with which our Supreme Court concerned itself in 1937 when it decided *Comer v. State Tax Comm'n* with regard to the gross receipts tax. 41 N.M. 403, 69 P.2d 936 (1937). At that time, the statute read: "The term 'business' when used in this Act shall include all activities or acts engaged in (personal, professional and corporate) or caused to be engaged in with the object of gain, benefit[,] or advantage either direct or indirect." *Id.* at 412, 69 P.2d at 941 (Sadler, J., dissenting) (emphasis omitted) (internal quotation marks and citation omitted). The term "engaging" specifically did not include "transactions by a person who does not hold himself out as engaged in business." *Id.* at 406, 69 P.2d at 938 (emphasis omitted) (internal quotation marks and citation omitted). The conclusion of the Supreme Court was that the statute, although broad when looking at the terms "business" and "engaging," meant that "engaging in business has reference to the person who owns the business, not mere employees." *Id.* (internal quotation marks and citation omitted). *Comer* went on to state that "the [gross receipts] tax is levied against the business of an owner or operator, and not against the employee acting as manager or agent for the principal who is "engaged in

6

business." *Id.* (emphasis omitted) (internal quotation marks and citation omitted). *Comer* remains the law to this day.

The business owner to whom the privilege of engaging in business is extended by virtue of licensure as required by statute, and being obligated to pay the privilege tax on gross receipts, carries on or causes to be carried on the business activity. Put another way, an employee is engaging in his employer's business, not his own. Defendant, as a sole proprietor of Carter Kent Builders, was the person "engaging in business," was registered as a business, and obligated to pay gross receipts taxes. Since the term "engaging in business" is construed to apply solely to the principal of the business, not an agent or employee who earns ordinary wages or commissions, we see nothing to prevent Defendant from working in any way, save for a business of which he is the principal or proprietor. So long as Defendant may undertake to work for another business as an agent or employee, he would no longer be "engaging in business." He is only enjoined from making a living by engaging in business on his own behalf as a principal, and even that injunction has limits.

The injunction against "engaging in business" is not permanent, but conditional. The injunction prohibits Defendant from engaging in business on his own behalf until his taxes are paid or adequate arrangements are made to the Department's satisfaction. Therefore, Defendant is not precluded from working by being employed by any other

entity engaging in business, but just enjoined from "engaging in business" on his own behalf until such time as arrangements are made to satisfy his tax delinquency.

**B.     The Form of Injunction in This Case is Statutory and Not One Requiring Proof of Immediate or Irreparable Harm or Any Inadequate Remedy at Law**

The district court correctly rejected Defendant's assertion that the Department had not complied with Rule 1-066 NMRA by failing to allege irreparable harm or the lack of an adequate remedy at law in its suit for the injunction, stating that the case was statutory in nature. We agree. Defendant is relying on the requirements for an equitable injunction. *See, e.g.*, *State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 14, 129 N.M. 151, 3 P.3d 128. The action in this case is one based upon statute, not equity. The statutory action itself is a remedy at law. Section 7-1-53(A) provides an enforcement remedy against businesses that do not pay their privilege tax, and the requirements for seeking an injunction under this statute are no more than a showing that the taxpayer against whom the injunction is sought "may be or may become liable for payment of any tax." Granting the injunction requires no more than "a showing by a preponderance of the evidence that the taxpayer is delinquent and has been given notice of the hearing as required by law[.]" § 7-1-53(B).

8

In significant respects, this is the converse of *State ex rel. Marron v. Compere*, in which the Supreme Court held that, even though the Medical Practice Act afforded an adequate statute remedy at law to enjoin Compere from the practice of medicine, such a statutory injunction did not operate to preclude the district attorney from obtaining an equitable injunction based on nuisance. 44 N.M. 414, 418, 103 P.2d 273, 275 (1940). *Compere* shows that the statutory injunction itself is an adequate remedy at law and that equitable principles exist separately. In this case, the Department's remedy is *only* statutory and is a remedy sounding in law, not equity. There being nothing to preclude the issuance of an injunction as a matter of law under the statute, we hold for the Department on this issue.

**C.      Allegations of Delinquency Were Adequately Proven**

By the same token in which Defendant was the person who was "engaged in business" as the sole proprietor of his construction business, he was obligated to pay the privilege tax on his gross receipts, an obligation he concedes was not discharged. Further, at the hearing before the district court, the testimony of one of the Department's agents established the following facts. Defendant registered with the Department on August 1, 1984 as a sole proprietorship. His business was issued a taxpayer identification number. The Department determined that Defendant had not filed gross receipts tax returns from 1992 through 1998. Although from 1984 through

1992, it is unclear whether Defendant filed any CRT tax returns. The Department mailed notices of deficiency and demands for payment by certified mail, which were received by Defendant, including demands that he deposit security against the amount owed and which elicited no action. Defendant did not protest the assessment. It was noted that Defendant, from 2004 through November 2008, had filed returns asserting zero receipts by his business. Defendant had incurred a substantial delinquent tax liability in excess of $145,000. Defendant did not cross-examine the witness. He offered no witnesses and stood on the allegations of his pleadings concerning his arguments regarding constitutional defenses, and his statement made to the court at the hearing. He asserted that the Department had "pulled these figures from out of the air somewhere" and asserted "no basis of law on what the [Department] is trying to do here." By contesting the amount but not the obligation, Defendant's case was finished with regard to the issuing of an injunction. The district court found that (1) Defendant was a delinquent taxpayer, (2) an assessment had been made and not protested, (3) a demand for security had been made and none was posted, and (4) the Department was entitled to its injunction.

**D. The Department is Not Required to Employ Less Restrictive Means Before Seeking an Injunction**

Section 7-1-53 prohibits the issuance of a restraining order or injunction against anyone who has furnished security for their tax obligation under NMSA 1978, Section 7-1-54 (1986). It also provides that, at the time the taxpayer furnishes such security, the court is compelled to dissolve or set aside the restraining order or injunction. Defendant contends that Section 7-1-53 should be subjected to strict constitutional scrutiny because it impacts his fundamental right to earn a living and because the Department did not employ less restrictive means of collecting taxes owed, such as liens under NMSA 1978, Section 7-1-40 (1979) or levies on his property pursuant to NMSA 1978, Section 7-1-41 (1979) (amended 2001). Defendant has directed us to no authority supporting this proposition, and we are aware of none. *See ITT Educ. Servs.*, 1998-NMCA-078, ¶ 10.

As we held above, Defendant is not precluded from earning a living. Section 7-1-53 itself has no requirement of exhausting any lesser remedies than enjoining a taxpayer from engaging in business. However, we further note that the district court found that a demand for security had been made prior to the Department seeking the injunction. Had arrangements for security been made, an injunction would have been precluded. We note that Regulation 3.1.10.12 (2001) of the Administrative Code allows a taxpayer to avoid an injunction by paying the assessment and claiming a

11

refund, furnishing acceptable security, applying for an extension of time, or entering into an installment agreement to pay. Nothing in the record indicates that Defendant availed himself of any of these options. Defendant asserts in his reply brief that he filed formal disputes to contest tax assessments between 1995 and 2005 and requests for proof of the Department's claims contemporaneously with the demand for security filed herein, but his requests were ignored. Defendant does not direct us to anything in the record proper indicating that this is true. He did not submit copies of any such documents to the district court and has not directed us to any place in the record or transcript where he asserted that he had done these things. "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. The affidavit from Agent Renee Casarez, accompanying the verified application for injunction, appears that the Department had indeed filed liens against Defendant and "been forced to serve bank levies against taxpayer." These facts were not denied by Defendant. *State ex rel. State Highway Comm'n v. Quesenberry*, 72 N.M. 291, 294, 383 P.2d 255, 257 (1963) (deeming any factual allegations that were not denied in answer to the alternative writ of mandamus). In fact, they are precisely what Defendant urges would have been some of the less restrictive collection methods.

12

For the reasons stated above involving failure to show sufficient facts or specific legal authority to trigger our review, the citations that Defendant has made to general law, requiring strict constitutional scrutiny for New Mexico's tax enforcement laws, are insufficient to trigger our action when he cites nothing in the record to support his claim that he was somehow entitled to other treatment which was denied. The Department engaged in a pattern of what appears to be normal collection activity for delinquent taxes owed by Defendant, culminating in obtaining the injunction herein. We hold that the injunction was correctly granted and based on substantial evidence that satisfies the minimal requirements of Section 7-1-53(A).

**III.   CONCLUSION**

For the foregoing reasons, we affirm the district court's granting of the injunction against Defendant enjoining him from "engaging in business" until such time as his tax delinquency is satisfactorily discharged.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**